

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 7, 1966

Hon. Joe Resweber
County Attorney
Harris County
Houston, Texas

Dear Mr. Resweber:

Opinion No. C-649

Re: Disposition of unclaimed or
abandoned personal property
under Article 18.30, Code
of Criminal Procedure.

In your opinion request you submitted the following questions:

"1.   Under Section 18.30, Vernon's Texas
Code of Criminal Procedure, effective
January 1, 1966, must a peace officer
turn over all unclaimed or abandoned
personal property which was in his
possession before January 1, 1966, to
the County Purchasing Agent for dispo-
sition?

"2.   Under such provision of the new code,
are automobiles including those taken
into possession by a city pursuant to
its parking regulations to be turned
over to the County Purchasing Agent
and must the County pay to such City
fees assessed by it for the towing
and storage of such automobiles?"

The applicable part of Article 18.30 of the Code of
Criminal Procedure, 1966, provides:

"Sec. 1.   All unclaimed or abandoned
personal property except whiskey, wine and
beer, of every kind, seized by a peace officer,
which is not held as evidence to be used in
any pending case and has not been ordered
destroyed or returned to the person entitled
to possession of the same by a magistrate,
which shall remain unclaimed for a period of
30 days shall be delivered to the purchasing
agent of the county for sale.   If the county
has no purchasing agent then such property
shall be sold by the sheriff of the county."

-3147-

Sections 2, 3 and 4 of this article regulate the disposition of any property delivered in accordance with Section 1.

The proper interpretation and construction of Article 18.30 was considered in our opinion No. C-585, dated January 18, 1966. There, we held, as digested in the summary of the opinion:

"The applicability of Article 18.30 of the new Code of Criminal Procedure is not limited to unclaimed or abandoned personal property seized under a search warrant; on the contrary, this Article controls the disposition of all such property (except intoxicants) in the custody of peace officers where there is no special statute providing for the disposition of particular items and kinds of property."

Your first question, whether Article 18.30 is applicable to property seized before January 1, 1966, but still in the custody of peace officers on that date, is answered by Article 1.02 of the new Code; this article provides:

Article 1.02  Effective date

"This Code shall take effect and be in force on and after January 1, 1966. The procedure prescribed shall govern all criminal proceedings pending upon the effective date hereof insofar as are applicable."

By virtue of Article 1.02, we hold that all unclaimed and abandoned property in the possession of a peace officer as of January 1, 1966, must be disposed of in conformity with the provisions of Article 18.30 unless the property be intoxicants or unless the property is of a particular kind covered by a special disposition statute. It should also be observed that Article 18.30 is a criminal procedural statute and would cover only such property as is seized in the course of criminal investigations or proceedings or when possession was obtained by a peace officer through some activity related to the enforcement of the penal code of this State.

With regard to your second question, concerning the application of Article 18.30 to automobiles impounded by a city pursuant to its parking regulations, notice is taken that automobiles are removed from the streets of a municipality pursuant to ordinance regulation of parking on the streets.

This seizure and removal from the streets may be authorized under a city code to prevent obstruction of traffic on the streets and is only incidentally connected, if at all, to the enforcement of the criminal statutes of Texas or the penal ordinances of cities.

Inasmuch as the new Code of Criminal Procedure regulates criminal proceedings (Article 1.02), Article 18.30 of the Code has no application to automobiles impounded by a municipality under the authority of its parking ordinances for the purpose of removing obstructions to traffic on the city streets.

Since we are holding that Article 18.30 is not applicable to automobiles seized by a city and would not control their eventual disposition, there is no occasion to consider the question of re-embursement or payment to a city by Harris County for fees and expenses incurred by a city in the towing and storage of these vehicles.

## SUMMARY

All unclaimed and abandoned personal property in the possession of peace officers on January 1, 1966, previously seized in the course of law enforcement activities, should be disposed of in accordance with Article 18.30 of the Code of Criminal Procedure, unless the property is of a particular kind covered by a special disposition statute.

Article 18.30 does not control the disposition of automobiles seized and removed by a city from its streets in order to prevent the obstruction of traffic.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: LONNY F. ZWIENER
Assistant Attorney General

LFZ:cm

Hon. Joe Resweber, page 4 (C-649)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Sam Kelley
Ronald Luna
John Reeves
Howard Fender

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. WRIGHT